**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 22 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50004 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-01214-VBF-1 |
| v. | |
| EDDIE CHAVEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted February 17, 2011[**]
Pasadena, California

Before: RYMER and BYBEE, Circuit Judges, and QUIST, Senior District
Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Gordon J. Quist, Senior District Judge for the U.S.
District Court for Western Michigan, Grand Rapids, sitting by designation.

Eddie Chavez appeals his conviction for being a felon in possession of ammunition. 18 U.S.C. § 922(g)(1). Chavez contends that the district court should have suppressed the evidence against him as the fruit of an illegal search. Although the terms of Chavez's parole permit the Government to perform warrantless searches of his residence, Chavez argues that there was no probable cause to believe that he resided at the searched apartment.

We review the district court's suppression order de novo and review its findings of fact for clear error. *United States v. Song Ja Cha*, 597 F.3d 995, 999 (9th Cir. 2010).

Chavez claims that the district court's findings of fact are clearly erroneous. But "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573–74 (1985). Here, the district court permissibly believed the prosecution's witnesses and declined to adopt the defense's version of events. This is not clearly erroneous.

As to the search, we have held that "law enforcement officers must have probable cause to believe that the parolee is a resident of the house to be searched." *Motley v. Parks*, 432 F.3d 1072, 1080 (9th Cir. 2005) (en banc). To satisfy this "stringent" probable cause requirement, "the facts known to the officers at the time

of the search must have been sufficient to support a belief, in 'a man of reasonable caution,' that" Chavez lived in Apartment 27. *United States v. Howard*, 447 F.3d 1257, 1262 (9th Cir. 2006).

Based on the facts known to Chavez's parole agent, there was probable cause to believe Chavez resided at the searched apartment. Chavez's girlfriend stated that they lived in the searched apartment, and Chavez told his parole agent that he had meant to update his contact information to reflect this fact. Chavez did not object when the agent updated it for him. Chavez's previous co-resident, his sister, also confirmed that he had moved out of his old residence and into the searched apartment. Furthermore, Chavez slept in the apartment's bedroom, called it "his" bedroom, initially walked out of the bedroom in a state of undress, and was found in the apartment on consecutive days. We reject Chavez's argument that, despite these numerous admissions and corroborative actions, the Government needed "some additional objective observation" that Chavez lived at the searched apartment. The district court properly denied the suppression motion.

AFFIRMED.